IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-3360-BO

SHARIF HAKIM MOORE, )
 )
 Plaintiff, )
 )
v. ) **ORDER**
 )
CRAVEN COUNTY, et al., )
 )
 Defendants. )

On September 27, 2022, Sharif Hakim Moore ("Moore" or "plaintiff"), a state inmate proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 [D.E. 1]. On June 2, 2023, the court denied Moore's motion to stay proceedings, dismissed certain defendants, and directed Moore to file an amended complaint that clearly identified his claims and factual allegations [D.E. 10]. On June 22, 2023, Moore filed an amended complaint [D.E. 11]. The matter is now before the court for frivolity review of the amended complaint pursuant to 28 U.S.C. § 1915.

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327).

To state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555); see Ashcroft, 556 U.S. at 678–79.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must plausibly allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676–77; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–94 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Moore's amended complaint does not comply with Federal Rule of Civil Procedure 8(a)(2) and the court's June 2, 2023 order. Moore's amended complaint is rambling, disjointed, and fails to provide a short and plain statement of the claims. See Am. Compl. [D.E. 11] 7–24. Moore's amended complaint jumps between pages of tabbed numbered paragraphs to full pages of rambling and conclusory text. See id. at 9–24. Moore's disparate claims range from violations of state and federal laws regarding sex offender registration, unlawful arrest and false imprisonment, unconstitutional conditions of confinement, denial of a fair trial and due process violations, and harassment. See id. Moore's dates of occurrences span over a period of five years. See id. Moore's places of occurrences include "Jones County Sheriff's Office, in Jones County at [his] residence in

2

Pollocksville, at Jones County Detention Center, Craven County Confinement Facility, Craven County Superior Courtroom (in trial), Jones County Superior Courtroom (in trial), New Bern, Jones County, Trenton, [and] Craven County." Id. at 11. Finally, Moore attaches an illegible list of "Supporting Cases to the Facts" in a conclusory fashion rather than providing a short and plain statement of the claims.[1] See id. at 7–8.

"Rule 8 does not require that the court sift through this morass of disparate legal claims and irrelevant factual allegations to determine whether [Moore] ha[s] alleged viable claims for relief, and which defendants are allegedly responsible for the viable claims." Watterson v. Millis, No. 5:18-CT-3370-FL, 2020 WL 1429213, at *4 (E.D.N.C. Mar. 19, 2020) (unpublished); see also McNamara v. Brauchler, 570 F. App'x 741, 743 (10th Cir. 2014) (per curiam) (unpublished) ("It is not the role of either the court or the defendant to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct plaintiff's causes of action."); North Carolina v. McGuirt, 114 F. App'x 555, 558–59 (4th Cir. 2004) (per curiam) (unpublished); Haba v. Arthur, No. 3:19CV686, 2020 WL 6729074, at *3 (E.D. Va. Nov. 16, 2020) (unpublished), aff'd, 851 F. App'x 405 (4th Cir. 2021) (per curiam) (unpublished); Seabrook v. Exper, No. 5:19-CV-236-D, 2020 WL 2101014, at *3 (E.D.N.C. May 1, 2020) (unpublished); Obataiye-Allah v. Clark, No. 7:14CV00016, 2014 WL 793152, at *1 (W.D. Va. Feb. 26, 2014) (unpublished). Accordingly, the court dismisses the action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court declines to grant further leave to amend in this action where Moore was afforded an opportunity to amend the complaint and failed to comply with the court's instructions for amending the complaint.

---

[1] Moore's attachment entitled "Supporting Cases to the Facts" contains between two and four handwritten lines of text per printed line. See [D.E. 11] 7–8. The court has already informed Moore that a pleading that is illegible cannot provide the defendants, or the court, notice of the claims being presented. See Order [D.E. 10] 5.

3

In sum, the court DISMISSES the action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk shall close the case.

SO ORDERED. This 28 day of June, 2023.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge